UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Lennard Stephen Graham,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 98-179(7) ADM/AJB

___

Andrew S. Dunne, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Lennard Stephen Graham, *pro se*.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Lennard Stephen Graham's ("Defendant") Rule 60(b)(6) Motion [Docket No. 620]. Defendant argues that he is entitled to an additional one point reduction in his sentence based upon his acceptance of responsibility. Because Plaintiff's 60(b) Motion is a successive § 2255 motion, it must be denied for lack of jurisdiction.

## II. BACKGROUND

On January 19, 1999, Defendant entered into a Plea Agreement [Docket No. 354]. Defendant was sentenced on one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. The Plea Agreement allowed for a two level reduction for acceptance of responsibility because Defendant pled guilty on the day of trial. Defendant was sentenced on July 6, 1999 to 115 months imprisonment and three years supervised release. Although Defendant did not appeal his conviction to the Eighth Circuit Court of Appeals, he

filed a habeas motion pursuant to 28 U.S.C. § 2255 [Docket No. 521] on June 30, 2000, which was denied in an Order dated November 16, 2000 [Docket No. 531]. Defendant now seeks to correct his sentence under Federal Rule of Civil Procedure 60(b), arguing he is entitled to a third point for acceptance of responsibility. The gravamen of Defendant's Motion is that he told his attorneys he wanted to plead guilty soon after he was indicted; however, his attorneys did not allow him to do so.

### III. DISCUSSION

Defendant alleges he is challenging the procedure by which he was denied a third point for acceptance of responsibility. Federal Rule of Civil Procedure 60(b)(6) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: any other reason justifying relief from the operation of the judgment." Here, however, Defendant is not attacking the procedure by which he was sentenced, but rather is attacking his sentence directly. As a result, his Motion is more properly characterized as a § 2255 motion. As Defendant has previously filed a § 2255 motion, he must seek authorization from the Eighth Circuit before proceeding with a second such motion. 28 U.S.C. § 2255. Defendants "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). Courts have consistently ruled that Rule 60(b) motions may not be employed as an end around the preauthorization requirements. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).

Although Defendant relies on Gonzalez v. Crosby in support of his Motion, the Supreme Court held in that case that a Rule 60(b) motion should be characterized as a habeas motion if "it seeks to add a new ground for relief," and moreover, such a motion that objects to the validity of a criminal sentence must be treated as a new collateral attack.  125 S.Ct. 2641, 2643-44 (2005).  This is precisely the situation at bar, wherein the Defendant is seeking to collaterally attack his sentence.

Even if Defendant's Motion was not a collateral attack on his sentence, Defendant is still barred from seeking relief under this Rule.  Rule 60(b) allows for attacks on the integrity of a civil habeas proceeding, but does not allow for the attack of the underlying conviction and sentencing in his criminal case.  Id. at 2646.  Defendant's Motion does not attack the procedure surrounding his habeas motion, but rather, his conviction and sentencing.  Because Defendant's Motion is correctly characterized as a successive § 2255 motion and because Defendant has failed to properly employ the remedy available under Rule 60(b), his Motion is denied.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Rule 60(b)(6) Motion [Docket No. 620] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 26, 2005.